**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Michael Millholland, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2022-001765

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2024-UP-061
Submitted February 14, 2024 – Filed February 21, 2024

———————

**AFFIRMED**

———————

James Michael Millholland, pro se.

Christina Catoe Bigelow and Kensey Evans, both of Columbia, for Respondent.

———————

**PER CURIAM:** James Michael Millholland appeals a 2022 order from the Administrative Law Court (ALC) affirming the decision of the South Carolina Department of Corrections (the Department), finding Millholland failed to carry his burden of proving the Department violated his right to due process when it charged him a $250 processing fee for the collection of his DNA pursuant to the

State Deoxyribonucleic Acid Identification Record Database Act[1] (the Act) when he alleged he had already submitted a DNA sample following a previous conviction. On appeal, Millholland argues (1) he has a state-created liberty or property interest in his inmate trust account, (2) the ALC erred by not holding a hearing to determine the merits of this case on remand from this court, (3) the ALC erred in summarily dismissing his appeal to the ALC in its 2020 order, (4) the ALC has jurisdiction over all inmate grievances that have been properly filed, (5) the ALC erred when it determined the Department did not err by requiring him to submit to a second DNA collection, and (6) the ALC erred by finding in its 2020 order that it did not have subject matter jurisdiction to hear Millholland's appeal. We affirm pursuant to Rule 220(b), SCACR.

We hold issues 1, 3, 4, and 6 were already addressed by this court during Millholland's appeal of the ALC's 2020 order. *See Millholland v. S.C. Dep't of Corr.*, 436 S.C. 547, 873 S.E.2d 784 (Ct. App. 2022). Additionally, we hold Millholland abandoned issue 2 by failing to provide any argument or supporting authority in his appellate brief. *See Wright v. Craft*, 372 S.C. 1, 21, 640 S.E.2d 486, 497 (Ct. App. 2006) (holding an issue listed in the statement of issues on appeal but not addressed in the brief is abandoned).

Finally, we hold the ALC did not err by affirming the decision of the Department because Millholland failed to establish he had previously submitted to collection of his DNA under the Act—allegedly sometime between 2000 and 2003 when he was on probation—such that his most recent 2016 DNA collection was duplicative. *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2023) (setting forth the standard of review for this court when sitting in review of a decision by the ALC); *id.* ("The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); S.C. Code Ann. § 23-3-670(A) (Supp. 2023)

[1] S.C. Code Ann. §§ 23-3-600 to -700 (2007 & Supp. 2023).

("A person who is required to provide a sample pursuant to this article, upon conviction, pleading guilty or nolo contendere, or forfeiting bond, must pay a two hundred fifty dollar processing fee which may not be waived by the court."). Further, even if the 2016 DNA collection was duplicative, the Act provides that another sample may be required if the original sample is lost, damaged, contaminated, or unusable for examination, and there is no evidence in the record to support that the alleged first collection was suitable. *See* S.C. Code Ann. § 23-3-620(E) (Supp. 2023) ("A person required to provide a sample pursuant to this section may be required to provide another sample if the original sample is lost, damaged, contaminated, or unusable for examination prior to the creation of a DNA record or DNA profile suitable for inclusion in the State DNA Database.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.